**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

DANIEL J. MANERT,

        Petitioner,

vs.                            Case No.:    2:14-cv-47-FtM-34CM
                                                  2:07-cr-138-FtM-34CM

UNITED STATES OF AMERICA,

        Respondent.

_____/

## ORDER

This case is before the Court on Petitioner Daniel J. Manert's Petition for Habeas Corpus Under 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct An (*sic*) Sentence (Civ. Doc. 1, Motion to Vacate).[1]  The United States filed a Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Civ. Doc. 8, Response), and Petitioner filed a Reply Brief for Petitioner on Government's Opposition on Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Civ. Doc. 11, Reply).  Thus, the parties' positions are fully briefed, and the matter is ripe for the Court's consideration.

Pursuant to 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255 Proceedings,[2] the Court has considered the need for an evidentiary hearing and

---

[1]    Citations to Petitioner's underlying criminal case file, <u>United States v. Daniel Joseph Manert</u>, Case No. 2:07-cr-138-FtM-34CM, will be denoted as "Crim. Doc. _____." Citations to Petitioner's civil § 2255 case file, Case No. 2:14-cv-47-FtM-34CM, will be denoted as "Civ. Doc. _____."

[2]    Rule 8(a) of the Rules Governing Section 2255 Proceedings expressly requires the Court to review the record, including any transcripts and submitted materials, to

determines that an evidentiary hearing is not necessary to resolve the merits of this action. See Aron v. United States, 291 F.3d 708, 714–15 (11th Cir. 2002) (indicating that an evidentiary hearing on a § 2255 petition is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming the facts that he alleges are true, he still would not be entitled to any relief); Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (concluding that a petitioner's ineffective assistance claim can be dismissed without an evidentiary hearing when the petitioner alleges facts that, even if true, would not entitle him to relief); Dickson v. Wainwright, 683 F.2d 348, 351 (11th Cir. 1982) ("On habeas a federal district court need not conduct an evidentiary hearing if it can be conclusively determined from the record that the petitioner was not denied effective assistance of counsel"); Patel v. United States, 252 F. App'x 970, 975 (11th Cir. 2007).[3]   For the reasons set forth below, Petitioner Manert's Motion to Vacate is untimely and due to be dismissed.

### I.    Background

On May 23, 2008, Petitioner Daniel J. Manert pled guilty, pursuant to a written plea agreement, to Count Two of an indictment charging him with knowingly receiving a visual depiction involving the sexual exploitation of minors, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1).   See Crim. Docs. 1, Indictment; 27, Plea Agreement; 33, Minute Entry; 35,

---

determine whether an evidentiary hearing is warranted before deciding on a § 2255 motion.

[3]    Although the Court does not rely on unpublished opinions as precedent, they may be cited throughout this Order as persuasive authority on a particular point.  Rule 32.1 of the Federal Rules of Appellate Procedure expressly permits the Court to cite to unpublished opinions that have been issued on or after January 1, 2007.  Fed. R. App. P. 32.1(a).

Report and Recommendation. Because Manert had a prior conviction for possession of child pornography in 2004, he faced a mandatory minimum sentence of fifteen (15) years up to a maximum of forty (40) years under 18 U.S.C. § 2252(b)(1). See Plea Agreement at 1; Crim. Doc. 63, Transcript of Plea Hearing at 6. On October 1, 2008, the Court sentenced Manert to a term of imprisonment of 200 months followed by a term of supervised release of life. See Crim. Doc. 50, Judgment. In sentencing Manert to this term of imprisonment, the Court varied downward from his advisory guideline range, which the Court calculated at 235 to 293 months' imprisonment. See Presentence Report, August 11, 2008, PSR ¶68; Crim. Doc. 51, Sentencing Transcript at 5, 55-56. Consistent with his plea agreement (Plea Agreement at 13), Manert did not file a direct appeal. On December 16, 2009, the Court granted the United States' Motion for Reduction in Sentence Pursuant to Federal Rule of Criminal Procedure 35(b) (Crim. Doc. 57) and reduced Manert's sentence to 170 months. See Crim. Doc. 59, Order.

Manert filed his pro se Motion to Vacate, signed on January 24, 2014.[4] See generally, Motion to Vacate. In the Motion to Vacate, Manert alleges six grounds for relief, which are summarized below without comment on their merits.

In Ground One, Manert alleges that the Court erred as a matter of law and fact when it imposed a five-level enhancement in the offense level under United States Sentencing Guideline (USSG) §2G2.2(b)(3)(B) for distribution of child pornography for a thing of value

---

[4]    Giving Manert the benefit of the mailbox rule, this Court finds that the Motion to Vacate was filed on January 24, 2014, the date on which Manert signed it. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (applying the prison mailbox rule and deeming the pro se prisoner's motion filed on the day it was signed); see also Houston v. Lack, 487 U.S. 266, 276 (1988).

but not for pecuniary gain.  <u>See</u> Motion to Vacate at 6-11; Reply at 10-11.  Manert relies primarily on two Eleventh Circuit decisions rendered subsequent to his sentencing and argues that the enhancement in USSG §2G2.2(b)(3)(B) does not apply where a defendant merely installs and uses a peer-to-peer network to download child pornography into the user's shared folder.  <u>See</u> <u>United States v. Vadnais</u>, 667 F.3d 1206, 1207 (11th Cir. 2012); <u>United States v. Spriggs</u>, 666 F.3d 1284 (11th Cir. 2012).  Manert also cites <u>Alleyne v. United States</u>, 133 S.Ct. 2151 (2013).  Additionally, in his Reply, Manert responds to the United States' argument that his claim is not cognizable under 28 U.S.C. § 2255 and asserts that the guidelines error rises to the level of a Fifth Amendment due process violation and "a miscarriage of justice of constitutional proportion."  <u>See</u> Reply at 8-10.

In Ground Two, Manert challenges the sufficiency of the Indictment.  Specifically, he alleges that in the Indictment, the government failed to state facts identifying a specific transaction supporting the alleged crime of distribution.  <u>See</u> Motion to Vacate at 11-13.

In Ground Three, Manert challenges the validity of his waiver of the right to collaterally attack his conviction and sentence in his plea agreement by claiming that his plea was not knowingly and voluntarily entered, and that his counsel was ineffective.  <u>See</u> Motion to Vacate at 13-17.  He also challenges the Court's jurisdiction, claiming that he was not informed of the essential elements of the Court's jurisdiction and that the facts to which he pled guilty did not constitute an offense against the laws of the United States.  <u>Id.</u> Manert further develops this claim in his Reply by alleging that his plea was based on grossly inaccurate advice and information about the actual facts the government could prove.  <u>See</u> Reply at 2.

In Grounds Four and Five, Manert alleges that his counsel was constitutionally ineffective.  In Ground Four, he asserts ineffective assistance in connection with his plea negotiations and obliquely complains of pre-indictment absence of counsel.  See Motion to Vacate at 17-20.  In Ground Five, Manert alleges ineffective assistance based upon an unspecified conflict of interest.  See Motion to Vacate at 20-21.  Manert supplements his arguments in his Reply by explaining that trial counsel was ineffective at all critical stages of the proceedings, including plea bargaining, relying on Lafler v. Cooper, 132 S.Ct. 1376 (2012) and Missouri v. Frye, 132 S.Ct. 1399 (2012).  See Civ. Doc. 11 at 3-7.  He alleges that counsel was also ineffective for failing to investigate his case and discover that application of the five-level enhancement in USSG §2G2.2(b)(3)(B) was "impossible" and "an error."  See Reply at 6-7.  He argues that counsel was ineffective for failing to object to application of such enhancement.  Id.

In Ground Six, Manert alleges that his sentence was increased by enhancements and a mandatory minimum in violation of the Sixth Amendment and due process.  In doing so, he relies on Alleyne v. United States, 133 S.Ct. at 2151.

The United States filed a Response in Opposition on May 29, 2014.  See generally, Response.  In the Response, the United States submits, among other arguments,[5] that

---

[5]   The United States also argues that (1) Manert's claim that the Court erred in calculating his applicable sentencing guidelines is not cognizable under 28 U.S.C. § 2255 (see Response at 11-12); (2) Manert waived the right to collaterally attack his sentence in his plea agreement (see Response at 12-13); (3) Manert's claims are procedurally defaulted (see Response at 13-18); (4) Manert has not demonstrated the need for an evidentiary hearing (see Response at 18-19); and (5) Manert is not entitled to relief on the merits because the statutory mandatory minimum sentence was based on the fact of his prior conviction and, in any event, Alleyne does not apply retroactively on collateral review (see Response at 19-21).

Manert's Motion to Vacate is not timely filed and should be dismissed.  See Response at 9-11.  Manert filed a Reply[6] but did not address the issue of timeliness.  See generally, Reply.

## II.    Timeliness

28 U.S.C. § 2255(f) allows a prisoner one year to file a motion seeking relief from his conviction and sentence.  The one-year period runs from the latest of:

> (1) The date on which the judgment of conviction becomes final;
>
> (2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f).  Pursuant to this statute, Manert had one year from the date on which the judgment of conviction became final to file his Motion to Vacate.  The judgment of conviction in his case became final on October 24, 2008, when the time for filing a notice of direct appeal expired.  See Fed. R. App. P. 4(b)(1)(A) (2008); Fed. R. App. P. 26(a) (2008); Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011) (when defendant does not pursue a direct appeal, the conviction becomes final when the time for filing a direct appeal expires).  More than five years passed between the date upon which his

---

[6]    Construing Manert's pro se pleadings liberally, to the extent that Manert may have sought appointment of counsel in his Reply (see Reply at 1-2), the Court finds that appointment of counsel is not warranted under 18 U.S.C. § 3006A(a)(2)(B).

conviction became final and January 24, 2014, the date on which Manert signed (and thus filed) his Motion to Vacate.  See supra note 4.  Thus, under § 2255(f)(1),  Manert's Motion to Vacate is untimely and must be dismissed unless another provision of § 2255(f) applies.

Manert invokes 28 U.S.C. § 2255(f)(3) (Motion to Vacate at 3), apparently relying on the Supreme Court's decision in Alleyne, 133 S.Ct. at 2151.  The Supreme Court decided Alleyne on June 17, 2013, and Manert's Motion to Vacate was indeed deemed filed within one year of that decision.[7]  However, even if Alleyne applied substantively to his case, consistent with the weight of authority, the Court determines that the rule in Alleyne does not apply retroactively on collateral review.  See Jeanty v. Warden, FCI-Miami, 757 F.3d 1283, 1285 (11th Cir. 2014) (per curiam); see also King v. United States, 610 F. App'x 825, 828 (11th Cir. 2015), (per curiam), cert. denied, 136 S.Ct. 349 (2015); accord Walker v. United States, 810 F.3d 568, 574 (8th Cir. 2016); Crayton v. United States, 799 F.3d 623, 624 (7th Cir. 2015), cert. denied, 136 S.Ct. 424 (2015); United States v. Olvera, 775 F.3d 726, 730 & n.12 (5th Cir. 2015); Butterworth v. United States, 775 F.3d 459, 468 (1st Cir. 2015), cert. denied, 135 S.Ct. 1517 (2015); United States v. Hoon, 762 F.3d 1172, 1173-74 (10th Cir. 2014) (mem.), cert. denied, 135 S.Ct. 1879 (2015); United States v. Reyes, 755 F.3d 210, 212 (3rd Cir. 2014), cert. denied, 135 S.Ct. 695 (2014).  Because Alleyne is not retroactively applicable on collateral review, § 2255(f)(3) does not apply to render Manert's Motion to Vacate timely.

---

[7]     Other than Alleyne, Petitioner cites no Supreme Court decisions issued within one year prior to the filing of his Motion on January 24, 2014.  See Motion to Vacate; Reply.

Manert also suggests that 28 U.S.C. § 2255(f)(4) gives the Court the authority to consider his challenges at this time.  See Motion to Vacate at 3.  However, nowhere in his Motion to Vacate does Manert articulate any factual basis for his claim that the facts upon which he relies could not have been discovered, through the exercise of due diligence, within one year prior to filing his Motion to Vacate.  Instead, he asserts that he filed his Motion to Vacate "due to new case law within the Eleventh Circuit dealing with Petitioner's case." (Motion to Vacate at 2).  However, "the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period" of § 2255(f)(4).  Madaio v. United States, 397 F. App'x 568, 570 (11th Cir. 2010) (per curiam); see also Whiteside v. United States, 775 F.3d 180, 183 (4th Cir. 2014) (en banc), cert. denied, 135 S.Ct. 2890 (2015) (listing cases); Phillips v. United States, 734 F.3d 573, 580 (6th Cir. 2013) ("§ 2255(f)(4) is directed at the discovery of new facts, not newly discovered law").  As such, Manert cannot rely on his discovery of Vadnais or Spriggs or any other post-sentencing legal authority to invoke the limitations period of § 2255(f)(4).  See Madaio, 397 F. App'x at 570.  As he articulates no facts supporting his claim that he discovered despite the exercise of due diligence within one year prior to the filing of his Motion to Vacate, § 2255(f)(4) does not operate to render his Motion to Vacate timely.

Because neither § 2255(f)(3) nor (f)(4) apply to Manert's case, the timeliness of his Motion to Vacate depends upon the application of § 2255(f)(1).  As previously discussed, Manert's Motion to Vacate is untimely under § 2255(f)(1), and therefore it is due to be denied.

8

### III.    Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)

If Manert seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). To make this substantial showing, Manert "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Accordingly, it is hereby

**ORDERED:**

1. Petitioner Manert's Petition for Habeas Corpus Under 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct An (<u>sic</u>) Sentence (Civ. Doc. 1) is **DENIED**.

2. The Clerk of the Court shall enter judgment in favor of the United States and against Daniel J. Manert.

3. If Manert appeals the denial of the petition, the Court denies a certificate of appealability.  Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** in Chambers this 20th day of April, 2016.

MARCIA MORALES HOWARD
United States District Judge

lc 22

Copies:

Pro se petitioner
Counsel of record